PEOPLE v McCRACKEN (ON REHEARING)

Docket No. 77-3976. Submitted June 3, 1980, at Lansing.—Decided October 6, 1980. Opinion on rehearing filed March 16, 1981.

Jimmie L. McCracken was convicted of arson, Oakland Circuit Court, Steven N. Andrews, J. His conviction was affirmed by the Court of Appeals, 100 Mich App 371 (1980). Defendant's application for rehearing was granted to reconsider the defendant's allegation that he was denied his right to a speedy trial. *Held:*

The 31-month delay in bringing the defendant to trial raised a rebuttable presumption of prejudice to the defendant. The presumption was rebutted in this case. The defendant was free on bail during the delay, the testimony which the defendant alleges would have been given by three witnesses who were unavailable at trial would have been outweighed by other testimony, was cumulative, or was not unavailable due to the delay, and the prosecution's argument that the defendant did not care about his family was based on the defendant's conduct and statements at the time of the crime and not on the fact that the defendant was divorced during the delay.

Affirmed.

1. CONSTITUTIONAL LAW — SPEEDY TRIAL — CRIMINAL LAW.

The factors to be considered in determining whether a defendant has been denied his right to a speedy trial are: 1) length of the delay, 2) reason for the delay, 3) defendant's assertion of the right, and 4) prejudice to the defendant caused by the delay.

2. CRIMINAL LAW — SPEEDY TRIAL — PRESUMPTION OF PREJUDICE.

A delay in excess of 18 months in bringing a defendant to trial creates a rebuttable presumption of prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 241-256.
Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[2] 21 Am Jur 2d, Criminal Law §§ 251, 253-255.

Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Ronald Weitzman,* Assistant Prosecuting Attorney, for the people.

*Smith, Magnusson & Chartrand* (by *Shamoon Zakaria),* for defendant on appeal.

ON REHEARING

Before: DANHOF, C.J., and M.J. KELLY and G. R. CORSIGLIA,* JJ.

DANHOF, C.J. We granted defendant's application for rehearing in this case to consider whether our original opinion incorrectly concluded that defendant was not denied his right to a speedy trial under the balancing test set forth in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). That test requires evaluation of four factors: (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant resulting from the delay.

In our original opinion in this matter, we concluded that 24 of the 31 months of the delay were attributable to the state. Defendant has suggested that the 24-month figure was too low; however, even if we agree with this argument our result would not change because in the original opinion we found that the first two factors in the balancing test favored defendant.

Next, defendant challenges our previous determinations that he failed to assert his speedy trial right and suffered no prejudice resulting from the delay. He claims that the prosecution orchestrated the delay by failing to call the case for trial even though trial was scheduled. The effect of this

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prosecution action, according to defendant, was to make him believe that trial was imminent and a demand for speedy trial was unnecessary. We believe the length of the delay and the fact that defendant was not incarcerated during most of the delay period support our previous conclusion that he did not want a speedy trial. The question of prejudice to defendant involves a more difficult analysis because of the rebuttable presumption that a delay exceeding 18 months is prejudicial. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972). However, we are inclined to reaffirm our previous conclusion that the presumption of prejudice was rebutted. A defendant may experience two types of prejudice, prejudice to his person and prejudice to his defense. Prejudice to the person results from oppressive pretrial incarceration leading to anxiety and concern. *People v Chism,* 390 Mich 104, 114; 211 NW2d 193 (1973). In the present case, defendant was free on bail during the period of the delay. He argues that he had suffered a four-month incarceration during the period but admits that it resulted from a separate criminal offense. Nothing in the record indicates that the pendency of trial in the instant case had anything to do with this incarceration.

Defendant also claims prejudice to his defense due to certain witnesses becoming unavailable during the delay. We see no reason for changing our previous opinion as to witnesses Thomas Mc-Cracken and Melvin Stinson. In his brief on rehearing, defendant refers to three other unavailable witnesses not specifically mentioned in the original appellate brief. Peter Pronius, who died during the delay period, allegedly would have impeached the testimony of prosecution witness Joel Reed. However, Reed's testimony was corroborated by other witnesses. Dennis Sutton, another

alleged impeachment witness, was unavailable due to his service in the Navy. However, according to the police he had enlisted in the Navy before the crime took place. The delay did not cause his loss. Finally, a police officer allegedly unavailable because of the delay was present when one of the prosecution witnesses made a statement. However, the police officer who actually took the statement testified at the trial and was cross-examined by defense counsel. We find that the loss of these three additional witnesses was not prejudicial. See, *People v Lewandowski,* 102 Mich App 358; 301 NW2d 860 (1980).

Defendant's last contention is that his divorce, which occurred during the delay, prejudiced his defense because he was unable at trial to present himself as a married man with children when the prosecution argued that he did not care about his family. The prosecution's argument was based on defendant's conduct and statements during the planning and execution of the crime and not on the fact of the divorce. We find no prejudice here.

We decline to reverse our original opinion in this case.

Affirmed.